**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION**

| | | |
|---|---|---|
| JANIS L. BROWN, Individually and as | § | |
| Personal Representative of the Estate of | § | |
| JASON RAY BROWN, Deceased, and | § | |
| BILLY RAY BROWN, | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. |
| | § | |
| WICHITA COUNTY, TEXAS, THOMAS | § | 7:05-CV-0108-O |
| J. CALLAHAN, Sheriff of Wichita County, | § | |
| Texas, in his Individual and Official | § | **ECF** |
| Capacity, DANIEL H. BOLIN, M.D., in | § | |
| his Individual and Official Capacity, | § | |
| KAYE KRAJCA, in her Individual and | § | |
| Official Capacity, MICHELLE GEORGE, | § | |
| in her Individual and Official Capacity, | § | |
| ROSE INGRAM, in her Individual and | § | |
| Official Capacity, DICKEY LEE SOURS, | § | |
| JR., in his Individual and Official | § | |
| Capacity, BLAINE GREENE, in his | § | |
| Individual and Official Capacity, WILLIAM | § | |
| YEAGER, in his Individual and Official | § | |
| Capacity, GARY WHATLEY, in his | § | |
| Individual and Official Capacity, JAMES | § | |
| GEARY, in his Individual and Official | § | |
| Capacity, WESLEY DICKERMAN, in | § | |
| his Individual and Official Capacity, and | § | |
| WAYNE PARISH, in his Individual | § | |
| and Official Capacity, | § | |
| Defendants. | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Before the Court is Defendant Kaye Krajca's Motion for Summary Judgment (filed February 29, 2008) (Dkt. No. 125). After careful consideration of all parties' submissions and the law applicable to the issues before the Court, Defendants' Motion is **GRANTED** in part and **DENIED** in part.

# I. BACKGROUND

Plaintiffs Janis L. Brown, individually and as personal representative of the Estate of Jason Brown, deceased, and Billy Ray Brown filed suit against, Kaye Krajca ("Nurse Krajca"), a nurse employed by Wichita County Sheriff's Office, individually and in her official capacity, among other defendants associated with the jail. Plaintiffs seek to hold Kaye Krajca liable for damages under 42 U.S.C. §1983 claiming that their son, Jason Brown, suffered violations of his Fourteenth Amendment due process rights when he was denied medical care while in custody of the Wichita County Jail.

Jason Brown was arrested on Thursday, July 22, 2004 on narcotics-related charges by the Burkburnett Police Department and was taken to the Wichita County Jail. At this time, Dr. Bolin served as the contracting physician and supervisor of the nursing staff at the jail. Michelle George, Rose Ingram, and Kaye Krajca served as the jail nursing staff. During the intake process, Brown notified the officers of his medical conditions, including auto immune chronic hepatitis, esophageal varices, jaundice, spelenomegaly, and anemia.

A few hours later, Brown complained to the detention officers that he did not feel well and was regurgitating blood. The detention officers notified Nurse George who attempted to contact Brown's treating physician but was unsuccessful. She also contacted his pharmacy and was informed that his prescriptions had not been filled since January 2004. Nurse George checked Brown's vital signs and noted in her nurse report that Brown was in no immediate distress except for complaints of nausea.

The following night, Friday, July 23, 2004, Brown's fellow inmates notified Detention Officers Dickey Lee Sours and Blaine Green via the emergency call button that Brown was again

regurgitating blood. The officers report that they observed a large puddle of blood near Brown, and Brown informed them of his complicated medical history, including his gastric ulcers and multiple blood transfusions. As there was no nurse on duty at the time, the control room officer called Nurse Krajca at home and reported the incident. Nurse Krajca ordered Brown be given Alamag, a liquid antacid, per Dr. Bolin's standing orders.

Early Saturday morning, between the hours of 12:00 a.m. and 2:00 a.m., inmates again called Officers Sours and Greene notifying them that Brown was in severe pain and requesting help. Officer Sours called Nurse Krajca at her home informing her that Brown had regurgitated blood. He also relayed to her that Brown had missed an appointment to see a gastroenterologist before coming to jail. She directed the officers to administer a phenerghan suppository for nausea per Dr. Bolin's standing orders. The officers were unable to do so because Brown was incoherent. Nurse Krajca was again notified, and she decided to come to the jail.

Upon her arrival, Brown was incoherent and unresponsive. However, he did inform Nurse Krajca of his various medical problems. Nurse Krajca took Brown to a medical solitary cell where she administered phenergan using the aid of Officers Sours and Greene to lift Brown. She witnessed Brown regurgitate once again, but noted in her nurse report that the substance did not appear to contain any blood. Nurse Krajca placed Brown on doctor's call for Monday morning, ordered the officers to observe Brown, and left the building.

On Saturday, between 3:12 a.m and 11:30 p.m., Defendants, Officers William Yeager, Gary Whatley, James Geary, Wesley Dickerman and Wayne Parish allegedly monitored Brown through a slot in the cell door. At approximately 11:30 p.m., Brown was found unresponsive and pulseless by two detention officers. Nurse Krajca was called, and she advised the officers to call emergency

services. The medical response team reported that Brown had expired quite some time prior to their arrival. The autopsy report revealed Brown suffered from a massive gastrointestinal hemorrhage due to rupture of the esophageal varices caused by chronic viral hepatitis and cirrhosis of the liver. (Jt. App. Tab 16, p. 73).

Plaintiffs filed suit against all Defendants under 42 U.S.C. § 1983 alleging Fourteenth amendment constitutional violations. Plaintiffs assert that Nurse Krajca denied Brown necessary medical care which resulted in his death. Specifically, Plaintiffs claim that Nurse Krajca disregarded Browns complaints and his obvious serious medical condition, and her decision to follow Dr. Bolin's standing orders prescribing medication rather than sending Brown to the hospital amounted to deliberate indifference.

On February 29, 2008, Nurse Kaye Krajca filed a Motion for Summary Judgment on all of Brown's claims. She seeks attorneys fees and costs pursuant to 42 U.S.C. §1988.

## II. ANALYSIS

Plaintiffs assert that Nurse Krajca violated Brown's Fourteenth Amendment rights under 42 U.S.C. §1983. Krajca argues that Plaintiffs can not establish that her actions constituted a constitutional violation, or that her actions were objectively unreasonable; therefore, she is protected by qualified immunity. Plaintiffs argue that Nurse Krajca was deliberately indifferent to a substantial risk of serious harm and is not entitled to qualified immunity because she did not act in an objectively reasonable manner. The court DENIES Nurse Krajca's Motion for Summary Judgment as to Plaintiff's constitutional claims, because Plaintiff has produced sufficient evidence that there are disputed issues of material fact regarding whether Nurse Krajca acted in an objectively

reasonable manner.

## A.  Summary Judgment Standard

Summary judgment is proper "[i]f the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact . . ." FED. R. CIV. P. 56(c).  An issue is material if it involves a fact that might affect the outcome of a suit under governing law.  *See Burgos v. Sw. Bell Tel. Co.*, 20 F.3d 633, 635 (5th Cir. 1994).  The court must decide all reasonable doubts and inferences in the light most favorable to the non-moving party.  *Lemelle v. Universal Mfg. Corp.*, 18 F.3d 1268, 1272 (5th Cir. 1994).  As long as there appears to be some support for the disputed allegations such that "reasonable minds could differ as to the import of the evidence," the motion must be denied.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

The party moving for summary judgment bears the initial burden of identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, that it believes demonstrate the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Where the non-moving party bears the burden of proof on a claim upon which summary judgment is sought, the moving party may discharge its burden by showing that there is an absence of evidence to support the non-moving party's case.  *Id.* at 325.  Once the moving party has satisfied this burden, the non-moving party may not rest upon mere allegations or denials in the pleadings but must present affirmative evidence, setting forth specific facts, to show the existence of a genuine issue for trial.  *Celotex*, 477 U.S. at 322-23; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585-86 (1986).

The court must inquire as to whether there is sufficient evidence upon which reasonable

jurors could properly find by a preponderance of the evidence that plaintiff is entitled to a verdict. *Anderson*, 477 U.S. at 249-50. In other words, summary judgment will be granted "against any party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. A "sufficient showing" consists of more than a scintilla of evidence in support of the moving party's position. *Anderson*, 477 U.S. at 249-50; *Slaughter v. Allstate Ins. Co.*, 803 F.2d 857, 860 (5th Cir. 1986) (stating that "conjecture alone" was insufficient to raise an issue as to existence of an essential element).

**B.**     **Qualified Immunity Standard**

The doctrine of qualified immunity shields government employees who are performing discretionary functions "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Wilson v. Layne*, 526 U.S. 603, 609 (1999) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)); *Thompson v. Upshur County*, 245 F.3d 447, 456 (5th Cir. 2001). The threshold question is whether, on the plaintiff's version of the facts, the officer's conduct violated a currently-existing constitutional right. *See Brosseau v. Haugen*, 543 U.S. 194, 197 (2004) (citing *Saucier v. Katz,* 533 U.S. 194, 200 (2001)). If the plaintiff fails to allege a constitutional violation, then the defendant is entitled to qualified immunity and the court need not inquire any further. *Id*. at 201. If, however, the plaintiff has shown a violation of a constitutional right, the court must then determine whether the defendant's actions were "objectively reasonable" in light of "clearly established law" at the time of the alleged violation. *Id.*; *Glenn v. City of Tyler*, 242 F.3d 307, 312 (5th Cir. 2001).

**D.**     **Sufficient genuine issues of material fact prevent summary judgment on the issue of**

**the constitutional violation.**

Plaintiffs have produced sufficient issues of material fact concerning whether Nurse Krajca violated Brown's constitutional rights by denying him adequate medical treatment which caused his death. Pretrial detainees have a constitutional right under the Due Process clause of the Fourteenth Amendment, not to have their serious medical needs met with deliberate indifference.[1] In order to state a colorable claim for the denial of medical care under Section 1983, an inmate must allege acts or omissions "sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "Deliberate indifference" occurs only where a prison official subjectively knows of and disregards a substantial risk to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Hare v. City of Corinth, Miss.*, 74 F.3d 633, 650 (5th Cir. 1996).

Nurse Krajca argues that summary judgment is appropriate because the evidence shows she promptly treated Brown's medical problems. Defendant relies on evidence demonstrating that Nurse Krajca fully responded to Brown's complaints, followed Dr. Bolin's standing orders prescribing alamag, requested that Brown's vital signs be checked, and prescribed a phenergan suppository. Further she claims that when Brown refused to self-administer the suppository[2], she went to the jail, checked Brown's vital signs, moved him to an individual cell, gave him medication, scheduled him

---

[1] The deliberate indifference standard, generally applicable only to convicted inmates, also applies to pretrial detainees who complain of an episodic act or omission with respect to medical care and protection from harm. *Calton v. Dallas County*, No. 3:05-CV-2022-N, 2007 WL 2453641, at *5 n.2 (N.D. Tex. August 27, 2007).

[2] The statements of Officers Sours and Greene maintain that Nurse Krajca was informed that the phenergan suppository could not be administered because Brown was incoherent. (Jt. App. Tab 7, p.34; Jt. App. Tab 8, p.43; Jt. App. Tab 17, p.77; Jt. App., Tab 17, p. 77.)

to see the doctor, and ensured he would be routinely checked by the detention officers. Thereafter, Nurse Krajca was not contacted again until after Brown's death. (See Joint Appendix, Tab 2, Affidavit of Kaye Krajca, generally.) Nurse Krajca argues that all of these actions show she tried to help Brown rather than ignore a substantial risk of serious harm.

However, Plaintiffs have presented sufficient issues of material fact that Nurse Krajca was aware of a substantial risk of serious harm to Brown. Plaintiffs argue that Brown had regurgitated large amounts of blood, that Nurse Krajca was aware of Brown's complicated medical history, that his health condition had only worsened with nausea treatments, and he became incoherent and unresponsive. Despite this knowledge, she again treated him with phenergan for nausea and placed Brown in an isolated cell rather than securing emergency medical services.

Here, due to the disputed facts contained in the circumstantial evidence, **t**here remains a fact issue as to whether Krajca knew of facts from which the inference could be drawn that Brown's health condition required immediate treatment and that substantial risks of serious harm existed if immediate medical treatment was not forthcoming. "Whether a prison official had the requisite knowledge of substantial risk is a question of  fact subject to demonstration in the usual ways, including inference from circumstantial evidence, and a fact finder may conclude that a prison official knew of a substantial risk by the very fact that the risk was obvious." *Farmer,* 511 U.S. 825 at 842 (citations omitted). If proven, Plaintiff's allegations could demonstrate deliberate indifference on the part of Nurse Krajca. Accordingly, the trier of fact could find that Nurse Krajca violated Plaintiff's constitutional rights. For these reasons, Plaintiff has raised genuine issues of material fact that make summary judgment inappropriate at this stage of the qualified immunity analysis, and the Court must proceed to consider whether Defendants' conduct was objectively reasonable in light of

clearly established law at the time of the challenged conduct. *Saucier*, 533 U.S. at 201; *Glenn*, 242 F.3d at 312.

### E. Sufficient genuine issues of material fact prevent the Court from determining whether Nurse Krajca acted in an objectively reasonable manner.

Plaintiffs have established genuine issues of material fact regarding whether Nurse Krajca violated Brown's rights in denying him adequate medical care. Under the second step of the qualified immunity analysis, plaintiffs must show that Defendant's actions were objectively unreasonable. *See Saucier*, 533 U.S. at 201. Nurse Krajca relies on the same evidence introduced to show she was not deliberately indifferent to Brown's serious medical needs to prove that her conduct was objectively reasonable. (See Joint Appendix, Tab 2, Affidavit of Kaye Krajca, generally.) The Court must focus on the facts of which Nurse Krajca was aware in order to determine whether her actions were objectively reasonable. Here, those material facts are in dispute.

*Disputed Facts:*

- July 23, 3005, 11:42 p.m.- Whether the control room officer informed Nurse Krajca that Brown had regurgitated blood and was complaining of gastric ulcers rather than simply an "upset stomach" to which she ordered alamag be given to Brown.( Jt. App., Tab 17, p.77; Jt. App. Tab 27, p.212; Jt. App., Tab 17, p. 77. *But see* Jt. App. Tab 2, p.4, Jt. App. Tab 9, p. 55; Jt. App. Tab 10, p. 56)

- July 24, 2004, 12:00 a.m- 2:00 a.m.- Whether Officers Sours and Greene informed Nurse Krajca that they had actually verified that Brown regurgitated a large amount of blood, or simply that he had regurgitated the alamag. (Jt. App. Tab 7, p.34,; Jt. App. Tab 25, p. 181-182; Jt. App., Tab 17, p. 77, Jt. App., Tab 17, p. 80. *But see* Jt. App. Tab 2, p.4; Jt. App. Tab 9, p. 55; Jt. App. Tab 10, p. 56).

- July 24, 2004, 2:25 a.m.- Whether Officers Sours and Green informed Nurse Krajca that they could not administer the phenergan suppositories because Brown was incoherent or because Brown refused the suppository. (Jt. App. Tab 7, p.34; Jt. App. Tab 8, p.43; Jt. App. Tab 17, p.77; Jt. App., Tab 17, p. 77. *But see* Jt. App. Tab 2, p. 5; Jt. App. Tab 9, p. 55; Jt. App. Tab 10, p. 56

)

- July 24, 2004, 2:55 a.m.- Whether Brown was incoherent and unresponsive when Nurse Krajca arrived at the jail. (Jt. App. Tab 7, p.34; Jt. App. Tab 8, p.43; Jt. App. Tab 17, p. 75; Jt. App., Tab 17, p. 80. *But see* Jt. App. Tab 9, p. 55.) Whether Brown informed Nurse Krajca that he had Hepatitis A, B, and C, esophageal varices, jaundice, spleenial magaly, and anemia upon her arrival. (Jt. App. Tab 17, p.77; Jt. App., Tab 17, p. 77. *But see* Jt. App. Tab 2, p. 5).

These disputed facts prevent the Court from determining the issue of qualified immunity. Nurse Krajca's initial investigation report and her affidavit contain conflicting statements. Additionally, her version of the facts differ significantly from the statements of Officer Greene and Sours. Credibility choices between conflicting versions of events are matters for a jury to resolve and cannot be resolved by the Court on summary judgment. *See Keenan v. Tejeda*, 290 F.3d 252, 262 (5th Cir. 2002). To the extent that credibility questions exist, of course, a fact-finder will be necessary.

Because the record as it presently stands appears to suggest disputed issues of material fact relevant to Nurse Krajca's qualified immunity defense, the Court cannot determine at this point whether the conduct of Nurse Krajca was objectively reasonable in light of clearly established law at the time of the incident. *See Lampkin v. Nacogdoches*, 7 F.3d, 430, 435-436 (5th Cir. 1993) ("Rule 56 still has vitality in qualified immunity cases if the underlying historical facts in dispute are material to the resolution of the questions whether the defendants acted in an objectively reasonable manner in view of the existing law and facts available to them."). Therefore, the Court DENIES Nurse Krajca's Motion for Summary Judgment on Plaintiff's constitutional claims.

**F. Plaintiffs, as parents of the deceased, are not entitled to punitive damages for wrongful death under 42 U.S.C. §1983.**

Nurse Krajca seeks summary judgment as to Plaintiffs' claims for punitive damages. Defendant argues that, Plaintiffs, as parents of the deceased may not recover exemplary damages against Nurse Krajca, individually, or as an official of Wichita County. Under 42 U.S.C. §1988, state claims of wrongful death and survival are incorporated, allowing parents a remedy for constitutional violations in a §1983 action. *See Rhyne v. Henderson County*, 973 F.2d 386, 390 (5th Cir. 1992). However, although parents may assert a claim under the Texas Wrongful Death Act, pursuant to the limitations imposed by Texas Constitution, Article 16, §26, they are not entitled to recover punitive damages. Tex.Civ.Prac. & Rem.Code § 71.004; *see General Chem. Corp. v. De La Lastra*, 852 S.W. 2d 916, 923 (Tex. 1993). Therefore, the Court GRANTS summary judgment as to all of Plaintiffs claims for punitive damages that are barred or limited by Texas law as incorporated by 42 U.S.C. §1988.[3]

## G. Objections to Summary Judgment Evidence

Defendant objects to portions of Plaintiff's summary judgment evidence. Specifically, Defendants object to (1) inmate Brian Horowitz' statement**,** (2) portions of Dr. Bolin's deposition, (3) Wichita County Sherriff Department book-in screens, (4) Brown's Inmate Request for Medical Attention card, (5) Inmate Medical Information Sheet, and (6) Michelle George's Nursing notes on various grounds under the Federal Rules of Evidence. Because the Court has not relied on this evidence in reaching its conclusions regarding Defendant's motion for summary judgment, the objections are overruled as moot, and the motion to strike is DENIED.

---

[3] The Court does not dismiss punitive damages claims, if any, alleged by the Estate of Jason Brown. *See Gen. Chem. Corp. v. De La Lastra*, 852 S.W. 2d 916, 924 (Tex. 1993) (citing *Hofer v. Lavendar*, 679 S.W. 2d 470, 476 (Tex. 1984), "...exemplary damages survive the estate, whoever the beneficiaries of the estate may be.")

### III. CONCLUSION

For the reasons stated above, the Court **DENIES** Kaye Krajca's Motion for Summary Judgment on Plaintiff's Fourteenth Amendment constitutional claims.[4] The Court **GRANTS** summary judgment on Plaintiff's punitive damage claims that are barred or limited by Texas law as incorporated by 42 U.S.C. §1988.

**It is so ORDERED, this 20th day of May, 2008.**

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**

---

[4] The Court does note that the Fourth Amendment claims and official capacity claims against Nurse Krajca have been abandoned by Plaintiff. (See Plaintiff's Response to Defendant Kaye Krajca's Motion for Summary Judgment, p.2). Therefore those claims are dismissed against Kaye Krajca.