IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| JANIS L. BROWN, Individually and as Personal Representative of the Estate of JASON RAY BROWN, Deceased, and BILLY RAY BROWN,<br>　　　　　Plaintiffs, | § § § § § § | |
| VS. | § § | CIVIL ACTION NO. |
| WICHITA COUNTY, TEXAS, THOMAS J. CALLAHAN, Sheriff of Wichita County, Texas, in his Individual and Official Capacity, DANIEL H. BOLIN, M.D., in his Individual and Official Capacity, KAYE KRAJCA, in her Individual and Official Capacity, MICHELLE GEORGE, in her Individual and Official Capacity, ROSE INGRAM, in her Individual and Official Capacity, DICKEY LEE SOURS, JR., in his Individual and Official Capacity, BLAINE GREENE, in his Individual and Official Capacity, WILLIAM YEAGER, in his Individual and Official Capacity, GARY WHATLEY, in his Individual and Official Capacity, JAMES GEARY, in his Individual and Official Capacity, WESLEY DICKERMAN, in his Individual and Official Capacity, and WAYNE PARISH, in his Individual and Official Capacity,<br>　　　　　Defendants. | § § § § § § § § § § § § § § § § § § § § § § § | 7:05-CV-0108-O-KA<br><br>**ECF** |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiffs' Amended Motion for Reconsideration of the Court's Memorandum Opinion and Order Granting Dr. Daniel Bolin's Motion for Summary Judgment (April 9, 2008) (Dkt. 136). After careful consideration of all parties' submissions and the law applicable to the issues before the Court, the Court **DENIES** this Motion.

## I. BACKGROUND

Plaintiffs filed suit against Dr. Bolin, among other Wichita County Defendants, claiming he violated Brown's Fourteenth Amendment rights under 42 U.S.C. § 1983 by denying him medical care while in custody of the Wichita County Jail. On April 9, 2008, this Court granted Defendant Daniel Bolin's Motion for Summary Judgment based on qualified immunity finding that Plaintiffs produced insufficient evidence that Dr. Bolin implemented a policy that caused a violation of Brown's constitutional rights.[1] Pursuant to FRCP 59(e), Plaintiffs now ask the Court to reconsider the motion.

## II. STANDARD

Pursuant to Fed.R.Civ.P. 59, "[m]otions for a new trial or to alter or amend a judgment must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir.1990) (citations omitted). Such motions may not be used to relitigate issues that were resolved to the movant's dissatisfaction. *Forsythe v. Saudi Arabian Airlines Corp.*, 885 F.2d 285, 289 (5th Cir.1989). Nor can a Rule 59 motion raise arguments or present evidence that could have been raised prior to entry of judgment. *See Simon*, 891 F.2d at 1159. Considerable discretion is granted to District Courts in deciding whether to grant or deny a motion to alter a judgment. *Hale v. Townley*, 45 F.3d 914, 921 (5th Cir.1995). In exercising this discretion, a district court must "strike the proper balance between the need for finality and the need to render just decisions on the basis of all the facts." *Id*. Further, the Fifth Circuit has observed that Rule 59(e) "favor[s] the denial of motions to alter or amend a judgment." *Southern Constructors*

---

[1] *See* Court Memorandum Opinion and Order Granting Daniel Bolin's Motion for Summary Judgment (April 9, 2008) (Dkt. 136).

*Group, Inc.* v. *Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir.1993); *see also Templet v. Hydrochem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).

## II. ANALYSIS

Plaintiffs' motion presents to the Court several of the same arguments made in its original Response to Defendant Daniel Bolin's Motion for Summary Judgment. The opinion of the Court on all of these matters stands and the Court declines to revisit any of these issues.[2] *See Simon*, 891 F.2d at 1159.

As a previously unstated argument in the original Response to Bolin's Motion for Summary Judgment, Plaintiffs now attempt to prove the case under a conditions of confinement theory.[3] As supporting evidence Plaintiffs present: (1) Supplemental Report of Plaintiffs' retained expert, Dr. Lawrence H. Mendel, regarding the subsequent death of another Wichita County inmate, Wilbert Lee Henson (2) Supplemental Report of Plaintffs' retained expert, Jacqueline Moore, R.N., regarding same, (3) Affidavit of Dawn Marie Wilkerson, former Wichita County nurse, stating that Dr. Bolin's demeanor intimidated the nurses, and (4) Affidavit of Pathena Dawn Tweed, former Wichita County nurse, stating same. Plaintiffs argue that Dr. Bolin in his supervisory capacity and policy making authority created unconstitutional medical policies and practices which combined with his ongoing nurse harassment, created unconstitutional conditions of confinement. Additionally, Plaintiffs argue that Henson's death is evidence that Brown's death was not due to any specific acts or omissions of of a particular nurse or other Wichita County official, but because of

---

[2] *See Id.*

[3] See Plaintiffs Response, p. 20.

3

the general unconstitutional conditions of confinement in the Wichita County jail.

The Court finds, however, that this is not a conditions of confinement case. Although Plaintiffs complain generally of the standing orders, inadequate supervision and training, and a policy or custom of discouraging nurses from seeking Dr. Bolin's guidance,[4] the basis of the complaint is the acts omissions of jail officials to render Brown proper medical care. Official actors are interposed between Brown and Wichita County, and Plaintiffs assert that official policies caused or permitted the general conditions. In jail condition cases, the conditions themselves constitute the harm. *See Scott v. Moore*, 114 F.3d at 53 n.2 (enumerating case examples of conditions of confinement cases including revocation of privileges, overcrowding, and extensive confinement). Here, however, Brown did not suffer from the mere existence of the alleged jail conditions, but from specific acts or omissions committed on but one occasion.

Plaintiffs chiefly rely on *Palo*, a conditions of confinement case, to support their proposition. *Palo v. Dallas County*, No. 3:05-CV-0527-D, 2007 WL 2140590, at *4-5 (N.D. Tex. July 26, 2007). However, this case can easily be distinguished from the case at bar on the facts. The Court classified *Palo* as a conditions of confinement case because there was not a specific act or omission by a particular nurse or Jail official that led to the death of the detainee, Mr. Palo. *See Palo v. Dallas County*, No. 3:-05-CV-0527-D, 2006 WL 3702655, at *5-6 (N.D. Tex., December 15, 2006). Rather, the acts or omissions of Dallas County personnel as a whole, acting pursuant to the Dallas County Jail's policies, procedures or conditions resulted in his death. *Palo*, 2007 WL 2140590, at *4-5.

Here, Because Plaintiffs' claims arise from the actions of the jail with respect to Brown's medical treatment, the Court determines that this is an episodic act or omission claim as Plaintiffs

---

[4] See Plaintiffs Reply, p. 7-8

complain of "a particular act or omission of one or more officials." *See Hare*, 74 F.3d at 645. Plaintiffs have already failed to provide sufficient evidence of an episodic act or omissions claim and the attempt to proffer a conditions of confinement claim at this time also fails.

### III.  CONCLUSION

For the reasons stated above, the Court finds that Plaintiffs have produced no additional evidence meriting a reversal of this Court's previous ruling. Therefore, the Motion for Reconsideration is hereby **DENIED**.

**SO ORDERED** on this 5th day of August, 2008.

_____
**Reed O'Connor**
**UNITED STATES DISTRICT JUDGE**