IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| JANIS L. BROWN, Individually and as Personal Representative of the Estate of JASON RAY BROWN, Deceased, and BILLY RAY BROWN, Plaintiffs, | § § § § § § | |
| VS. | § § | CIVIL ACTION NO. |
| WICHITA COUNTY, TEXAS, THOMAS J. CALLAHAN, Sheriff of Wichita County, Texas, in his Individual and Official Capacity, DANIEL H. BOLIN, M.D., in his Individual and Official Capacity, KAYE KRAJCA, in her Individual and Official Capacity, MICHELLE GEORGE, in her Individual and Official Capacity, ROSE INGRAM, in her Individual and Official Capacity, DICKEY LEE SOURS, JR., in his Individual and Official Capacity, BLAINE GREENE, in his Individual and Official Capacity, WILLIAM YEAGER, in his Individual and Official Capacity, GARY WHATLEY, in his Individual and Official Capacity, JAMES GEARY, in his Individual and Official Capacity, WESLEY DICKERMAN, in his Individual and Official Capacity, and WAYNE PARISH, in his Individual and Official Capacity, Defendants. | § § § § § § § § § § § § § § § § § § § § § § § § | 7:05-CV-0108-O-KA  **ECF** |

**AMENDED MEMORANDUM OPINION AND ORDER**

Before the Court are the following:

1. Wichita County's Motion for Summary Judgment (Doc. # 126);

2. Plaintiffs' Response to Wichita County's Motion for Summary Judgment (Doc. # 127);

1

    3. Plaintiffs' Brief in Support of their Response (Doc. # 127);

    4. Defendant Wichita County's Reply (Doc. # 128);

    5. The parties' Joint Appendix (Doc. # 129);

    6. Defendant Wichita County's Response to Plaintiffs' Objections to Evidence (Doc. # 130); and

    7. Defendant Wichita County's Objections to Plaintiffs' Summary Judgment Evidence (Doc. # 131).

Having reviewed the relevant briefing, evidence, and applicable law, the Court finds as follows:

I.    Background

Plaintiffs are the relatives and personal representative of the Estate of Jason Brown ("Brown"). Doc. # 1 (Compl.). Plaintiffs bring claims against Wichita County, jail physician Dr. Bolin, Wichita County Sheriff Thomas Callahan, jail nurses, and jail detention officers arising out of Brown's death at a Wichita County jail facility. Doc. # 86 (Amd. Compl.).

Jason Brown was arrested on a drug charge and brought to the Wichita County jail on July 22, 2004. Jt. App. at 203. En route to the jail, Brown began crying and pleaded with the arresting officer to release him because he had medical problems and did not have long to live. *Id.* at 208. The arresting officer advised the jail staff upon arrival at the jail of Brown's medical problems. *Id.* After intake procedures were completed, Brown was put in the general inmate population. *Id.*

Around 11:42 p.m. on July 23, 2004, someone in the general population tank pushed the emergency button and notified the control room that an inmate had thrown up blood. *Id.* at 94.

Detention officers Dickey Lee Sours, Jr. and Blaine Greene responded to the call. *Id.* at 207-08. Detention officer Sours reported that he found Brown laying on his side next to a puddle of blood 1 to 1.5 feet in width and 2 to 2.5 feet in length, with chunks of food in the puddle. *Id.* at 162. Detention officer Greene reported that the officers saw a big puddle of blood. *Id.* at 170. Nurse Krajca was called and told the situation, and over the phone, Krajca asked the detention officers to give Brown some liquid antacids. *Id.* at 162.

Later, Brown complained that he was in pain and begged for help. *Id.* Krajca was again called, and asked "did anyone actually see him (Brown) throw up the blood?" *Id.* Sours responded, "Kaye (Krajca), I had to clean it up." *Id.* Krajca advised that Brown should be given suppositories, but Brown would not take them. *Id.* Krajca was called again and told that Brown was not coherent. *Id.* Krajca then went to the jail to visit Brown. *Id.*

There is a dispute in the evidence regarding what happened next. There is evidence suggesting that Brown told Nurse Krajca he had nausea and vomiting, and also informed her that he had several medical problems including auto immune chronic hepatitis A, B, and C, esophageal varies, jaundice, spleenial magaly, and anemia. *Id.* at 184, 205. However, there is also evidence indicating that Nurse Krajca could not get Brown to respond. *Id.* at 162.

There is no dispute that Krajca then had Brown moved to medical solitary, and gave Brown suppositories. *Id.* at 162, 183, 205. Later, during a cigarette break, Nurse Krajca asked Sours "[d]o you know what kind of ass chewing I would get from Dr. Bolin if I sent him (Brown) to the hospital in the good health that he is in?" *Id.* at 162, 208.

On Saturday, July 24, 2004, between 3:12 a.m. and 11:30 p.m., detention officers allegedly monitored Brown through a slot in the cell door. At approximately 11:30 p.m., Brown

3

was found unresponsive and pulseless by the two officers.  *Id.* at 183, 184, 190, 203.  Nurse Krajca advised the officers to call emergency services.  *Id.* at 183.  The medical response team reported that Brown had expired quite some time prior to arrival.  *Id.* at 201.  The autopsy report indicates that Jason Brown died from a massive gastrointestinal hemorrhage at the age of 26.  *Id.* at 222.

Plaintiffs filed suit on June 8, 2005, bringing claims against jail nurses, detention officers, the jail physician, Wichita County, and Wichita County Sheriff Thomas Callahan.  Compl.  Plaintiffs allege that the County, through the acts and/or omissions of Defendants Callahan, Bolin, and other Defendants, as well as the County Commissioners, violated Plaintiffs' rights under the Fourteenth Amendment by adopting and/or condoning unconstitutional policies and by failing to train and supervise jail staff, causing Brown's death.  Amd. Compl.

On February 29, 2009, Defendant Wichita County filed its motion for summary judgment as to Plaintiffs' municipal liability claims brought pursuant to 42 U.S.C. § 1983, arguing that Plaintiffs have no evidence to support their claims.  Plaintiffs respond that there is ample evidence to support their claims.

The issues have been briefed and this matter is ripe for determination.

II.   Legal Standard

Summary judgment is proper when the pleadings and evidence on file show that no genuine issue exists as to any material fact and that the moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(c).  "[T]he substantive law will identify which facts are material."  *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).  A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the

non-moving party." *Id.* The movant makes a showing that there is no genuine issue of material fact by informing the court of the basis of its motion and by identifying the portions of the record which reveal there are no genuine material fact issues. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); FED. R. CIV. P. 56(c).

Once the movant makes this showing, the non-movant must then direct the court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial. *Celotex*, 477 U.S. at 323-24. To carry this burden, the "opponent must do more than simply show. . . some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986). Instead, the non-movant must show that the evidence is sufficient to support a resolution of the factual issue in his favor. *Anderson*, 477 U.S. at 249. Neither conclusory allegations nor unsubstantiated assertions will satisfy the non-movant's summary judgment burden. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992). The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim. *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). Summary judgment in favor of the defendant is proper if, after adequate time for discovery, the plaintiff fails to establish the existence of an element essential to his case and to which he will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322-23.

When weighing the evidence on a motion for summary judgment, the Court must decide all reasonable doubts and inferences in the light most favorable to the non-movant. *See Walker v. Sears, Roebuck & Co.*, 853 F.2d 355, 358 (5th Cir. 1988). The Court cannot make a

credibility determination in light of conflicting evidence or competing inferences. *Anderson*, 477 U.S. at 255. As long as there appears to be some support for the disputed allegations such that "reasonable minds could differ as to the import of the evidence," the motion for summary judgment must be denied. *Id.* at 250.

III.   Analysis

Plaintiffs bring claims against Wichita County pursuant to 42 U.S.C. § 1983 for alleged violations of the Fourth and Fourteenth Amendments.[1] The Court now considers summary judgment with respect to these claims.

**1.   Plaintiffs' Fourth Amendment claims**

Defendant Wichita County moves for summary judgment on Plaintiffs' 42 U.S.C. § 1983 claims under the Fourth Amendment. In their response, Plaintiffs state that they agree the events leading up to the death of Brown do not support a claim for Fourth Amendment violations.

Accordingly, Defendant Wichita County's Motion for Summary Judgment with respect to Plaintiffs' § 1983 claims based on a violation of the Fourth Amendment is hereby **GRANTED.**

**2.   Plaintiffs' Fourteenth Amendment Claims**

Municipalities cannot be held liable under 42 U.S.C. § 1983 on the basis of *respondeat superior*. *Bd. of County Commissioners of Bryan County, Okl. v. Brown*, 520 U.S. 397, 415-16 (1997). A plaintiff may demonstrate municipal liability based on: (1) a formally adopted

---

[1] Plaintiffs also bring official capacity claims against Defendant Callahan and detention officers Sours, Greene, Yeager, Whatley, Geary, Dickerman, and Parish. These Defendants move for summary judgment with respect to official capacity claims asserted against them, noting that these claims are duplicative of claims against the County. In their response, Plaintiffs state that they agree that these claims are duplicative and should be dismissed. Accordingly, the Court grants summary judgment with respect to official capacity claims against these defendants.

municipal policy; (2) an informal custom or practice; (3) a custom or policy of inadequate training, supervision, discipline, screening, or hiring; or (4) a single act by an official with final policymaking authority. *Monell*, 436 U.S. at 694 (establishing that § 1983 municipal liability may be based on an officially adopted and promulgated policy); *Johnson v. Moore, III*, 958 F.2d 92, 94 (5th Cir. 1992) (noting that municipal liability may be founded on a persistent or widespread practice of which actual or constructive knowledge is attributable to the policymaking authority); *City of Canton,* 489 U.S. at 385-87 (providing that inadequacy of training may serve as a basis for municipal liability where the failure to train amounts to deliberate indifference to the rights of persons); *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480-81 (1986) (establishing that isolated actions or decisions by a municipal policymaker with "final policymaking authority" may create municipal liability).

In this case, Plaintiffs have raised genuine issues of material fact regarding whether Defendant Callahan, sheriff of Wichita County, can be held personally liable for failing to supervise the jail medical staff, as well as for adopting, maintaining, or acquiescing to a custom that was the moving force behind the constitutional harms at issue here. *See* Memorandum Opinion and Order resolving Callahan's Motion for Summary Judgment. The Court finds that this evidence also raises issues regarding liability on behalf of Wichita County. Because Defendant Callahan is a final policymaker with respect to the Wichita County jails, the fate of the County hinges on resolution of Plaintiffs' failure to supervise and policy/custom claims against Defendant Callahan.[2] *See Doe v. Taylor Indep. Sch. Dist.*, 15 F.3d 443, 453 (5th Cir.

---

[2] The Court notes that Plaintiffs also allege that the County delegated policymaking authority to Dr. Bolin. Amd. Compl. However, the County does not address this allegation in their motion for summary judgment, and the Court declines to address delegation of policymaking authority to Dr. Bolin and whether the County can be held liable for Dr. Bolin's acts or omissions *sua sponte*.

1994) (indicating that an individual supervisor's liability and the liability of a municipality are considered under the same standards of fault and causation); *see also Turner v. Upton County*, 915 F.2d 133, 136 (5th Cir. 1990) (stating that, in Texas, the sheriff is the county's final policymaker in the area of law enforcement by virtue of the sheriff's election to office); TEX. LOCAL GOV'T CODE ANN. § 351.041(a) (Vernon Ann. 2007) (sheriff is the keeper of the jail). Because genuine issues of material fact exist regarding these claims, summary judgment as to the County is inappropriate.

The County also appears to make the legal argument that it cannot be held liable for wrongful death in an action brought pursuant to section 1983 because, under the Texas Wrongful Death Act, counties are immune to suit. Def's Brief at 43-44. However, if a state wrongful death claim is brought in conjunction with a section 1983 action, the county is no longer immune, as any attempt to provide immunity over and above those already provided in section 1983 directly violates federal law. *See County of Dallas v. Sempe*, 151 S.W.3d 291, 299 (Tex.App.—Dallas, 2004 pet. dism'd w.o.j.).

Accordingly, Defendant Wichita County's Motion for Summary Judgment with respect to Plaintiffs' § 1983 claims based on a violation of the Fourteenth Amendment should be and is hereby **DENIED.**

### C.     Evidentiary Objections

Wichita County objects to the Court's consideration of the affidavits of former jail nurses Pathena Tweed and Dawn Wilkinson. The County argues that these affidavits consist of conclusory testimony containing information outside the affiants' personal knowledge that

8

should be excluded and stricken pursuant to Rule 602 of the Federal Rules of Evidence. The County also argues that the affidavits contain hearsay. The Court finds that, while the affidavits submitted by Plaintiffs contain a few statements properly characterized as hearsay and speculation, the Court may consider those non-hearsay statements within the affidavits that are based on the affiants' personal knowledge. Accordingly, the Court declines to strike these affidavits in whole, but does not consider hearsay or speculation

The County also objects to the Horowitz letter, the opinion of Dr. Keikbusch, and the affidavit of John R. Hyatte. Plaintiffs object to various statements within the affidavits of Defendant Callahan, Dr. Browne, and Gary Pinkerton. The Court overrules these objections as moot, as this evidence was not relied upon in the Court's determination.

**D.     Punitive Damages**

The County argues that Plaintiffs cannot recover punitive damages on their wrongful death claims brought pursuant to 42 U.S.C. § 1983 because such damages are prohibited by the Texas Wrongful Death Act and the Texas Constitution. Plaintiffs respond that they intend to dismiss their punitive damages claim against Wichita County.

Section 1983 does not authorize punitive damages against local government entities. *See City of Newport v. Fact Concerts, Inc.,* 453 U.S. 247, 271 (1981). Accordingly, the Court finds that Plaintiffs are not entitled to recover punitive damages from Wichita County in connection with their section 1983 claims.

IV.     Conclusion

For the foregoing reasons, the Court finds that the County's Motion for Summary Judgment (Doc. # 126) should be and is hereby **GRANTED in part,** and **DENIED in part.**

9

The Court finds that genuine issues of material fact exist regarding Plaintiffs' claims under the Fourteenth Amendment brought pursuant to 42 U.S.C. § 1983.

The Court finds that summary judgment is appropriate with respect to Plaintiffs' claims under the Fourth Amendment brought pursuant to 42 U.S.C. § 1983, and these claims are hereby **DISMISSED with prejudice**.

**SO ORDERED** this **4th** day of **August, 2009.**

_____
**Reed O'Connor**
**UNITED STATES DISTRICT JUDGE**